## BRYAN *vs.* WELCH, COOK & BACON.

Certain exceptions to an auditor's or master's report were demurred to, and it was agreed that the presiding judge should hear and determine the demurrer, " but that he should not do more than pass upon the same," he having been of counsel in the case; the judge thereupon held the demurrer good and dismissed the exceptions and or-

dered the auditor's report to be received and entered on the minutes of the court, and thereupon at the same term entered a final decree in the cause without further consent:

*Held*, 1st. That the final decree so entered was not embraced in the agreement of counsel, and hence that the judge, having been of counsel, had no legal power to make it, and it must be annulled, under §205 of the Code.

*Held*, 2d. That the judge of the superior court, acting as that court and subject to the review of this court, must have power to hear and determine the whole case, and if parties only agree that he shall hear and decide a part thereof, he is a mere referee of theirs, and his action upon the matter referred is not subject to be reviewed here: therefore, whilst we set aside the decree which the court was disqualified to render, we decline to interfere with the judgment of the referee sustaining the demurrer and dismissing the exceptions to the report.

It is due to Judge Crisp to say that in his verification of the bill of exceptions he adds the following: "The counsel for Bryan had left the court before a decision was made on the demurrer. After the decision was made and the decree entered, counsel for defendants in error called the attention of the court to the fact that perhaps the agreement only extended to passing on the demurrer, and then agreed in open court that if counsel insisted on that, the decree should be set aside, and the judgment of the court extend no further than sustaining the demurrer. Immediately after the adjournment of the court counsel were notified of this."

Jackson, Justice.